IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEREMY FONTANEZ,**<br><br>　Petitioner,<br><br>　v.<br><br>**COLETTE PETERS and<br>WARDEN ROKOSKY,**<br><br>　Respondents. | Civil Action No.:  MJM-24-3392 |

### MEMORANDUM

Jeremy Fontanez filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the amount of his wages taken to make payments to the restitution owed pursuant to the judgment in his criminal case.  ECF No. 1.  Respondents[1] filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on May 27, 2025.  ECF No. 9.  Fontanez opposed the motion.[2] ECF No. 13.  Respondents replied.  ECF No. 14.  Upon review of the submitted materials, the Court finds that no hearing is necessary.  *See* Rules 8(a) and 1(b), *Rules Governing Section 2254 Cases in the United States District Courts*; Local Rule 105.6 (D. Md. 2025).  For the reasons set forth below, Respondent's motion will be granted, and the Petition will be dismissed.

Fontanez asserts that Bureau of Prisons ("BOP") Policy Statement 5380.08, the Financial Responsibility Program, requires prisoners to pay 50% of their wages towards restitution and fine

---

[1] Respondents assert that Colette Peters should be dismissed as an improper party.  ECF No. 9-1 at 7.  "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (second alteration in *Rumsfeld*) (quoting 28 U.S.C. § 2242).  In this case, the Warden of FCI-Cumberland, respondent Warden Rokosky, has custody over the petitioner.  Therefore, Colette Peters will be dismissed.

[2] Fontanez filed a motion for an extension of time to file his response on June 12, 2025, but still timely filed his response on June 23, 2025.  ECF Nos. 12, 13.  His motion for an extension is therefore moot and will be denied. Fontanez also filed a motion seeking permission to file a surreply, attaching his proposed surreply.  ECF No. 15.  His motion will be granted, and the attached surreply has been considered in the Court's review of the Petition.

payments. ECF No. 1 at 6. Fontanez contends that this conflicts with the Consumer Protection Act, which limits wage garnishment to 25% of disposable earnings. *Id.* at 7. He seeks to have the Policy Statement invalidated. ECF No. 1-1 at 14.

On December 7, 2004, in the United States District Court for the Eastern District of Pennsylvania, Fontanez pleaded guilty to conspiracy to interfere with interstate commerce by robbery and carrying and using a firearm during and in relation to a crime of violence. ECF No. 1-1 at 2; ECF No. 9-2 at ¶ 6. He was sentenced to 420 months' imprisonment, five years' supervised release, and payment of a $1,400 special assessment and $27,972.61 in restitution. ECF No. 1-1 at 2; ECF No. 9-2 at ¶¶ 6–7. The restitution is owed "joint and several among [Fontanez] and his co-defendants." ECF No. 1-1 at 3. The judgment directed that restitution payments could be taken from any wages he earns in prison according to the financial responsibility program. *Id.*

Fontanez currently works for UNICOR at Grade 1. ECF No. 1-1 at 3; ECF No. 9-2 at ¶ 11. On September 12, 2024, Fontanez agreed to participate in the Inmate Financial Responsibility Program ("IFRP") and "a payment plan that provides for periodic payments in the amount of 50% of his wages." ECF No. 9-2 at ¶ 12. Fontanez was notified that his participation was voluntary but that "refusal to participate in the program may result in certain consequences." *Id.* at ¶ 13.

Fontanez has filed three administrative remedies regarding the IFRP, Nos. 776922-F1, 1145814-F1, and 1215607-F1. ECF No. 9-2 at 30, 37, 42. They were either denied or closed for informational purposes at the institutional level. *Id.* Fontanez did not appeal any of these complaints to BOP's regional or central office. Respondents contend that Fontanez's claim is therefore unexhausted and must be dismissed.

It is the responsibility of the United States Attorney General, the Department of Justice, and BOP to compute sentences of prisoners committed to the custody of the United States or the

District of Columbia and apply credit where it is due. *See* 18 U.S.C. § 3624; *Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norman*, 767 F.2d 455, 457 (8th Cir. 1985)); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979); *United States v. Mitchell*, 845 F.2d 951, 952 (11th Cir. 1988) ("[A] federal district court does not have jurisdiction to entertain a federal prisoner's petition for jail time credit until the prisoner has exhausted his administrative remedies with the Attorney General under 18 U.S.C. § 3568."). In the event a prisoner disputes the execution of their sentence or the application of credits, he is permitted to seek a remedy for the grievance through the administrative remedy process in place in the BOP facilities. *See* 28 C.F.R. § 542.10, *et seq*.

Respondents assert that they are entitled to dismissal because Fontanez failed to exhaust his administrative remedies. ECF No. 9-1 at 8. The Administrative Remedy Procedure provides that if an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within 20 calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, they may appeal to the appropriate Regional Director within 20 calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is still not satisfied, they may appeal the Regional Director's response to the Office of General Counsel using the appropriate forms. *Id.* The inmate must file this final appeal within 30 calendar days of the date the Regional Director signed the response. *Id.* An inmate is not deemed to have exhausted their administrative remedies until they have filed their complaint at all levels. *See id.*

Here, it clear that Fontanez has not appealed any of the three administrative remedies he filed concerning the IFRP to either the Regional Director or the Office of General Counsel. Fontanez acknowledges as much in his Petition, but he argues that the Court should review his

claim even if it is unexhausted because at no level would BOP act contrary to their own Policy Statement and, therefore, attempting to do so would be futile. ECF No. 1-1 at 6. Fontanez contends that regardless of what level he presented his claim to, the BOP will continue to follow Policy Statement 5380.08. ECF No. 13 at 4.

"Failure to exhaust [prior to filing a § 2241 petition] may only be excused upon a showing of cause and prejudice." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634–35 (2d Cir. 2001)). "Unless the agency is certain to rule adversely, . . . a petitioner's unsupported prediction of failure does not excuse his lack of administrative exhaustion." *Wright v. Warden, FCI-Cumberland*, Civ. No. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) (citing *Thetford Prop. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.*, 907 F.2d 445, 450 (4th Cir. 1990)). "An adverse ruling is 'certain' upon a 'a clear showing that an administrative agency has taken a hard and fast position.' Otherwise, 'a litigant's prognostication that he is likely to fail before an agency is not a sufficient reason to excuse the lack of exhaustion.'" *Ewing v. Carter*, Civ. No. BAH-22-3029, 2024 WL 4289534, at *3 n.2 (D. Md. Sept. 25, 2024) (quoting *Thetford Properties IV Ltd. P'ship*, 907 F.2d at 450). Fontanez, who did not attempt to appeal his institution-level denials, simply predicts that he will not get a different result on appellate review. He provides no evidence to support his position besides his assumption that the BOP will follow policies he contends are unlawful. Fontanez's surreply again asserts only a conclusory statement that the BOP has a "long history of interpretting [sic] statutory and policy language in its own favor. . . ." ECF No. 15-1 at 9. This conclusory statement is not enough to make a clear showing of any "hard and fast position" of BOP. The Court therefore finds Fontanez's futility argument unavailing, and his claim is unexhausted. Accordingly, the Court cannot proceed to the merits of Fontanez's claim.

For the foregoing reasons, Respondent's motion to dismiss will be granted, and the Petition for Writ of Habeas Corpus will be dismissed. A separate Order follows.

  11/24/25  
Date

Matthew J. Maddox  
United States District Judge